1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RONNELL HILL,

          Plaintiff,

    v.

F. GONZALES, et al.,

          Defendants.

_____/

CASE NO.   1:11-cv-01071-MJS (PC)

ORDER DISMISSING PLAINTIFF'S
COMPLAINT WITH LEAVE TO AMEND

(ECF NO. 1)

AMENDED COMPLAINT DUE WITHIN
THIRTY DAYS

      Plaintiff Ronnell Hill ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983.  On July 8, 2011, Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

      Plaintiff initiated this action on June 28, 2011.  (Compl., ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.  No other parties have appeared in this action.  The Court finds that Plaintiff's Complaint fails to state a claim.  Plaintiff will be given leave to amend.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393–94 (1989).

**II.    SUMMARY OF COMPLAINT**

Plaintiff is currently incarcerated at High Desert State Prison.  It appears that he was previously incarcerated at California Correctional Institution at Tehachapi, California ("CCI").  (Compl. at 1.)  Plaintiff alleges that Defendants violated his rights under the due process and equal protection clauses of the Fourteenth Amendment.  However, his pleading actually reflects a potential claim that Defendants violated his First Amendment

right to petition the courts by frustrating his efforts to continue litigating his petition for habeas corpus. Plaintiff names the following individuals as Defendants: 1) F. Gonzalez, warden at CCI, and 2) T. Peterson, correctional officer and law librarian at CCI. Plaintiff seeks to sue Defendants in their individual capacities.

Plaintiff seeks compensatory damages in the amount of $25,000 and $100,000 in punitive damages against each Defendant.

Plaintiff's claims in this case relate to proceedings in Hill v. V.M. Almager, N.D. Cal. 3:07-cv-3229-JSW, a habeas corpus action in which Plaintiff challenged the conditions of his confinement. This habeas corpus petition was denied on July 7, 2010, and the court denied Plaintiff a certificate of appealability. Within thirty days of entry of that order, Plaintiff was to file his notice of appeal if he intended to appeal the decision.

Plaintiff alleges as follows:

On June 20, 2010, Plaintiff received legal mail, informing him that his habeas corpus petition had been denied on July 7, 2010 and that his only recourse was to file an appeal with the Ninth Circuit Court of Appeals within thirty days of entry of the order denying his petition. (Compl. at 3.) At the time, Plaintiff did not have any of his legal property or access to the law library. (Id.)

Plaintiff made a request for priority library user ("PLU") law library access on July 21, 2010, which was denied. (Compl. at 3-4.) According to institutional procedure, an inmate must have a "deadline established by a court, statute, or rules of court." (Id. at 4.) Plaintiff sent Defendant Peterson the actual court document that he received regarding his habeas corpus petition showing the court deadline for filing an appeal. (Id.) It was determined that Plaintiff did not have a deadline, and his request was denied. (Id.) Defendant Peterson,

the legal librarian, presumably is aware of this rule.  (Id.)  By denying Plaintiff PLU law library access, Defendant Peterson herself terminated Plaintiff's appeal and denied him his right to due process and access to the courts.  (Id.)  In addition, Defendant Peterson did not return Plaintiff's court documents that Plaintiff sent to her.  (Id.)  Plaintiff has submitted a declaration from another inmate who had been subject to the same treatment.  (Id.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.   Denial of Access to Courts

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S.

-4-

343, 346 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil

rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the

frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access

claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking

claim).  Christopher v. Harbury, 536 U.S. 403, 412–15 (2002).  For access to the courts

claims, the plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim;

2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as

recompense but that is not otherwise available in a future suit.  Id. at 413–14.

        The first element requires that the plaintiff show he suffered an "actual injury" by

being shut out of court.  Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351. The second

element requires that the plaintiff show the defendant proximately caused the alleged

violation of plaintiff's rights, the touchstone of which is foreseeability.  Crumpton v. Gates,

947 F.2d 1418, 1420 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981));

see Tahoe–Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764,

784–85 (9th Cir. 2000).  Finally, the third element requires that the plaintiff show he has

no other remedy than the relief available via this suit for denial of access to the courts.

Harbury, 536 U.S. at 415.  The complaint should state the underlying claim in accordance

with Federal Rule of Civil Procedure 8(a).  Id. at 417–18.

        Plaintiff has not met all the requirements of a denial of access claim.  Plaintiff has

met the first element:  He suffered actual injury in being  unable to pursue his appeal, but

he has failed to meet the second or third prongs of such a claim.  In the case of the second

prong, he has identified no official acts that frustrated his ability to appeal the action.

Plaintiff must show that PLU was necessary for him to allow him "meaningful access" to

the courts.  <u>See</u> <u>Allen v. Sakai</u>, 40 F.3d 1001 (9th Cir. 1994) (court found that the prisoner plaintiff was denied meaningful access to the courts where plaintiff had to file his appeal in black ink but plaintiff was only given a pencil and his notice of appeal was ultimately rejected).  Here, Plaintiff was only denied priority library access.  He does not allege that he was denied all library access or that library access was even necessary for Plaintiff to file a notice of appeal.  For the third prong, Plaintiff has not alleged this action is his only remedy.

Plaintiff has not stated a claim for denial of access to the courts.  Plaintiff will be given leave to amend this claim.  In his amended complaint, Plaintiff should explain why PLU access was necessary for him to file his appeal and why his only remedy at this point is via this suit.

### C.     Fourteenth Amendment Claims

#### 1.     Equal Protection

Plaintiff alleges that his rights under the Equal Protection Clause have been violated because he was denied access to the courts as a result of Defendants' actions.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim may be established in two ways.  The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage.  Thornton v.

City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).  In this case, Plaintiff does not allege that he is a member of a suspect class.  Accordingly, he has failed to state an equal protection claim under this theory.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).  To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

In his claim against Defendants, Plaintiff has not alleged that he is a member of an identifiable class, that he was intentionally treated differently from others similarly situated, or that there was no rational basis for any of the treatment he received in his allegations. Plaintiff has failed to state a cognizable claim for violation of the Equal Protection Clause against Defendants.  Plaintiff's claim should be dismissed.  Since the facts alleged show Defendant was not a member of a protected class, no useful purpose would be served by amendment.  Plaintiff will not be given leave to amend this claim.

2.    Due Process Clause

Plaintiff alleges that his due process rights were violated, and appears also to be alleging that his rights under the Due Process Clause of the Fourteenth Amendment were violated.

The Ninth Circuit has found that

[t]o establish a violation of substantive due process ..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.  Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.

Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc.v. Swift Eckrich, Inc., 546 U.S. 394  (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).  In this case, the First Amendment "provides [the] explicit textual source of constitutional protection...." Patel, 103 F.3d at 874.  Therefore, the First Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's constitutional claims.  Plaintiff will not be given leave to amend this claim.

### D.    Supervisory Liability

Finally, Plaintiff has not stated a claim against Defendant Gonzales, because it appears that Plaintiff is bringing these claims against Defendant Gonzales in his supervisory capacity.

Under section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  Id.

Case 1:11-cv-01071-LJO-MJS   Document 7   Filed 02/28/12   Page 9 of 10

at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948–49.

Plaintiff has not alleged facts demonstrating that Defendant Gonzales was aware of the alleged injustice faced by Plaintiff.  He essentially alleges that Defendant Gonzales allowed the violations to continue by inaction.  Plaintiff has not alleged that Defendant Gonzales personally acted to violate his rights.  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies and undertaking specifically to link Defendant Gonzales to a violation of his rights.

## IV.    CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.   The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

-9-

Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's Complaint, filed June 28, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 27, 2012          /s/ *Michael J. Seng*

ci4d6                                            UNITED STATES MAGISTRATE JUDGE

-10-