UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNELL HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>T. PETERSON,<br><br>    Defendant. | Case No. 1:11-cv-1071-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**(ECF No. 17)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

**I.    PROCEDURAL HISTORY**

Plaintiff Ronnell Hill, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 28, 2011. (ECF No. 1.) This matter proceeds against Defendant Peterson on Plaintiff's First Amendment access to court claim. (Screening Order, ECF No. 10.)

Defendant moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF No. 17.) Plaintiff filed an opposition (ECF No. 23) and Defendant replied. (ECF No. 25.) Plaintiff filed a sur-reply (ECF No. 26), which was stricken by the Court on motion by Defendant. (ECF No. 28.) Defendant's motion to dismiss is deemed submitted pursuant to Local

rule 230(*l*).

## II. LEGAL STANDARDS

### A. Motion to Dismiss

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998, and pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Access to Court

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-

looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

### C.     Request for Certificate of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in habeas corpus proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A COA may issue when a petitioner demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).

## III.    PLAINTIFF'S CLAIMS

Plaintiff is currently housed at California Substance Abuse Treatment Facility in Corcoran, California.  He was previously housed at California Correctional Institute ("CCI") in Tehachapi, California, where the events alleged in his first amended complaint occurred.  Defendant Peterson is a correctional officer and legal librarian at CCI.

Plaintiff's allegations may be summarized essentially as follows:

On July 20, 2010, Plaintiff was informed that his petition for a writ of habeas corpus had been denied and that he had thirty days from July 7, 2010 to request permission from the United States Court of Appeals for the Ninth Circuit to appeal. (Am.

Compl. at 4.) On July 21, 2010, Plaintiff asked for Priority Library User ("PLU") access, but Defendant Peterson refused to grant it to him. (Id. at 5.) PLU access would have allowed Plaintiff access to his legal files and writing supplies, expedited access to the library, and provided the ability to conduct legal research. (Id. at 5-7.) Instead, Plaintiff was allowed General Library User ("GLU") access, and did not have access to his property or the law library until August 6, 2010. No mail left the prison for the following two days because they fell on the weekend. (Id. at 8.) Plaintiff was unable to continue his appeal due to Defendant Peterson's actions. (Id. at 5.)

Plaintiff asks for compensatory damages and punitive damages. (Id. at 4.)

**IV.   ARGUMENTS**

 **A.   Defendant's Motion to Dismiss**

Defendant argues that Plaintiff's amended complaint fails to state a First Amendment access to court claim because Plaintiff cannot establish any actual injury. (ECF No. 17-1 at 1.) Defendant contends that Plaintiff's appeal was accepted, processed, and denied on the merits, and that the Ninth Circuit considered and ruled on Plaintiff's motion for reconsideration. (Id. at 4-5.)

Defendant asks this Court to take judicial notice of court documents from the Public Access to Court Electronic Records (PACER) system, which are attached to Defendant's motion. (ECF Nos. 17-2, 17-3.)  Defendant asserts that these documents show the following:

On August 6, 2010, Plaintiff filed in the Ninth Circuit a request for an extension of time to request a COA. (ECF No. 17-1 at 2.) On August 23, 2010, Plaintiff filed a second request for an extension of time. (Id.) On February 23, 2011, the Ninth Circuit construed Plaintiff's requests for extensions of time as notices of appeal and directed the clerk to

process Plaintiff's appeal. (Id.)

On April 9, 2012, the Ninth Circuit confirmed receipt of Plaintiff's notice of appeal and request for COA, and informed Plaintiff that a briefing schedule would be established following the court's decision on whether a COA should issue. (Id.) On May 15, 2012, the Ninth Circuit denied Plaintiff's request for a COA. Plaintiff moved for reconsideration, which the Ninth Circuit denied. (Id.)

### B. Plaintiff's Opposition

Plaintiff argues that he suffered actual injury because he did not have sufficient time to construct a "meaningful" appeal. (ECF No. 23 at 2-3.) Plaintiff contends that his two motions for extensions of time had "no relevance" to the issues on appeal and did not address "any constitutional issues required to overcome [his] burden." (Id. at 7-8.) Accordingly, Plaintiff argues, Defendant's actions "effectively terminated" his appeal. (Id. at 7.) Plaintiff also asserts that his access to the law library was restricted at the time he drafted his motion for reconsideration. (Id. at 10-11.) Plaintiff further argues that Defendant's request for judicial notice is not permissible in a motion to dismiss. (Id. at 7.)

### C. Defendant's Reply

Defendant argues that a "meaningful" filing was not required at the time Plaintiff sought PLU access because the Ninth Circuit had not yet established a briefing schedule. (ECF No. 25 at 1-2.) Defendant notes that the appellate rules do not "explicitly require" that a request for COA include briefing of the issues on appeal. (Id. at 3.) Defendant also argues that Plaintiff does not show that the Ninth Circuit would have granted Plaintiff's request had he filed additional briefing. (Id. at 1-2.) Defendant also argues that the request for judicial notice is proper. (Id. at 3.)

## V. ANALYSIS

This Court may take judicial notice of the court documents attached to Defendant's motion to dismiss. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting court may take judicial notice of court files and matters of public record). Plaintiff does not dispute the accuracy of these court documents. U.S. v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011) (in ruling on a 12(b)(6) motion, court may take judicial notice of "matters of public record," but may not, "on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to the Defendants that could reasonably be disputed"). Although these records are outside the pleadings, they do not convert Defendant's motion to dismiss into a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); (Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule(b)(6) motion to one for summary judgment[.]").

However, these documents do not show that Plaintiff's first amended complaint fails to state a claim for relief. The Court finds that Plaintiff's allegations, taken as true, are sufficient to allege an actual injury. At the time Plaintiff allegedly was denied PLU access, he was required to make a "substantial showing" that the constitutional questions raised in his habeas petition were "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot, 463 U.S. at 893 n.4. Although the appellate rules do not require Plaintiff to brief his request for COA, such briefing is not precluded. Fed. R. App. P. 22(b). Plaintiff alleges he intended to file briefing on his

request for a COA but was prevented from meaningfully doing so by Defendant. Plaintiff's allegation that he was unable to meaningfully present his claim is sufficient to allege an actual injury. See Lewis, 518 U.S. at 351.

Moreover, Plaintiff's motion for reconsideration does not necessarily cure this injury. The standard for granting a motion for reconsideration differs from that for granting a request in the first instance. Compare 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.") with 9th Cir. R. 27-10(a)(3) ("A party seeking relief under this rule shall state with particularity the point of law or fact which, in the opinion of the movant, the Court has overlooked or misunderstood."). The Ninth Circuit's consideration and denial of the motion is not indicative of whether Plaintiff was prejudiced by his inability to brief his request for a COA in the first instance.

Finally, Defendant argues that Plaintiff has failed to show the Ninth Circuit would have granted him relief had he fully briefed his request for a COA. (ECF No. 25 at 1-2.) However, Defendant does not argue that Plaintiff's COA request failed as a matter of law. Thus, the impact of Plaintiff's inability to file a fully briefed request for COA is a matter of evidentiary concern, and will not be evaluated by this Court on a motion to dismiss.

## VI. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss (ECF No. 17) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and

Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 11, 2014 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

8