1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONNELL HILL,

            Plaintiff,

    v.

F. GONZALEZ, et al.,

            Defendants.

CASE NO. 1:11-cv-01071-LJO-MJS (PC)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**(ECF No. 36)**

## I.    PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's First Amendment access to courts claim against Defendant Peterson. (ECF No. 10.)

Before the Court is Plaintiff's December 31, 2014 motion to compel discovery (ECF No. 36.) Defendant filed an opposition (ECF No. 39.) Plaintiff filed no reply. The matter is deemed submitted. Local Rule 230(*l*).

## II.    LEGAL STANDARD

The discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. <u>E.g.</u>, <u>Grabek v. Dickinson</u>, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); <u>Ellis v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack v. Virga</u>, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

## III.    PLAINTIFF'S CLAIMS

Plaintiff is incarcerated at California Substance Abuse Treatment Facility in Corcoran, California but complaints of acts that occurred at California Correctional Institute ("CCI") in Tehachapi, California. Defendant Peterson is a correctional officer and legal librarian at CCI.

Plaintiff's allegations may be summarized essentially as follows:

On July 20, 2010, Plaintiff was informed that his petition for a writ of habeas corpus had been denied and that he had thirty days from July 7, 2010 to request permission to appeal from the United States Court of Appeals for the Ninth Circuit. On July 21, 2010, Plaintiff asked for Priority Library User ("PLU") access, but Defendant Peterson refused to grant it.. PLU access would have allowed Plaintiff access to his legal files and writing supplies, expedited access to the library, and the opportunity to conduct legal research. Instead, Plaintiff was allowed General Library User ("GLU") access, and

did not have access to his property or the law library until August 6, 2010. No mail left the prison for the following two days because they fell on the weekend. Plaintiff was unable to continue his appeal due to Defendant Peterson's actions.

**IV.   DISCUSSION**

Plaintiff contends that Defendant's responses to his Request for Production of Documents Set One are deficient and asks that she be required to provide a further response. He also seeks sanctions to compensate him for making unspecified copies, for unspecified supplies, and for his time in preparing the motion. (ECF No. 36.) Defendant responds that her objections were proper. (ECF No. 39.)

**A.   Request for Production No. 1**

**Request:**

> Any and all documents concerning the inmate prison records of Hill including but not limited to, reports, files, evaluations, interviews, complaints, reprimands, reviews, medical records, x-rays, orders and notes.

**Response:**

> Defendant Peterson objects to Request No. 1 on the grounds that it is vague, overly broad, burdensome and oppressive, and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. To the extent that Plaintiff seeks his own medical, dental or mental health records, Defendant further objects to this request as such request seeks documents which are equally available to Plaintiff. When prison records are equally available to the plaintiff, the plaintiff must attempt to obtain them through the proper prison channels. Glass v. Diaz, 1:04-CV-5953-AWI-DLB-P, 2007 WL 2022034, at *4 (E.D. Cal. July 9, 2007). Plaintiff may not use discovery to obtain free copies of documents equally available to him. See Jones v. Lundy, 1:03-cv-05980-AWI-LJO-PC, 2007 WL 214580, at *1 (E.D. Cal. Jan. 25, 2007). Therefore, no documents will be produced.

**Ruling:**

Plaintiff's request appears to seek the entirety of his inmate prison records. Although Plaintiff contends in his motion that the request is limited to records concerning

the incident at issue in this case, the request is not so worded. Additionally, Request No. 3 is limited to documents pertaining to the incident at issue; construing Request No. 1 to seek the same limited documents would render the two requests duplicative.

As Plaintiff acknowledges, the instant action is limited to Defendant's denial of PLU status to Plaintiff on July 21, 2010. Plaintiff's motion to compel discovery related to this incident will be discussed below in relation to Request No. 3.

Plaintiff has not explained the relevancy of the documents sought in Request No. 1. The Court sees no relevance in, for example, Plaintiff's medical records or x-rays, or his general prison records. Accordingly, Plaintiff's motion to compel a further response to Request No. 1 will be denied on relevancy grounds pursuant to Federal Rule of Civil Procedure 26(b)(1).

**B.     Request for Production No. 2.**

**Request:**

> Any and all documents concerning complaints filed against T. Peterson including but not limited to, incident reports, grievances, investigations, complaints, interviews, reprimands, evaluations, reviews, and notes.

**Response:**

> Defendant Peterson objects to Request No. 2 on the grounds that it is vague, overly broad, burdensome and oppressive, and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. To the extent that this request includes personnel files of Defendant Peterson, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, et. seq., including section 1043. Therefore, no documents will be produced.

1    **Ruling:**

2    Defendant's objections that the request is vague, overly broad, burdensome,

3    irrelevant, and unlikely to lead to the discovery of admissible evidence are overruled.

4    These are boilerplate objections and the Court finds them inapplicable to Plaintiff's

5    request.

6    Defendant's objections on the basis of privilege also will be overruled. As an initial

7    matter, Defendant's response implies that there are no "documents concerning

8    complaints filed against T. Peterson" that exist outside of her personnel file. This claim

9    must be viewed with skepticism since  at least some such documents appear to be

10   contained in Plaintiff's inmate file.

11   Additionally, Defendants have failed to make any showing that the requested

12   documents are privileged. The Supreme Court has long noted that privileges are

13   disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary

14   privilege has the burden to demonstrate that the privilege applies to the information in

15   question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988). Privileges are to

16   be "strictly construed" because they "impede full and free discovery of the truth." Eureka

17   Fin. Corp. v. Hartford Acc. and Indemnity Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "If

18   the privilege is worth protecting, a litigant must be prepared to expend some time to

19   justify the assertion of the privilege." Id.

20   In civil rights cases brought under federal statutes, questions of privilege are

21   resolved by federal law. Kerr v. U.S. District Court for the Northern District of California,

22   511 F.2d 192, 197 (9th Cir. 1975), aff'd on procedural grounds, 426 U.S. 394 (1976).

23   "State privilege doctrine, whether derived from statutes or court decisions, is not binding

24   on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653,

25   655-56 (N.D. Cal. 1987). Under federal law, documents that are a part of the personnel

26   records of officers defending civil rights actions, while containing sensitive information,

27   are within the scope of discovery. Soto, 162 F.R.D. at 614-15; Hampton v. City of San

28

1   Diego, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993); Miller v. Pancucci, 141 F.R.D. 292, 299-
2   302 (C.D. Cal. 1992).

3       Nevertheless, "[f]ederal common law recognizes a qualified privilege for official
4   information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990)
5   ("[g]overnment personnel files are considered official information."). The official
6   information privilege ensures disclosure of discoverable information without
7   compromising the state's interest in protecting the privacy of law enforcement officials
8   and in ensuring the efficacy of its law enforcement system. Kelly, 114 F.R.D. at 662-63.

9       "To determine whether the information sought is privileged, courts must weigh the
10  potential benefits of the disclosure against the potential disadvantages. If the latter is
11  greater, the privilege bars discovery." Sanchez, 936 F.2d at 1033–34. "In the context of
12  civil rights suits against [corrections officials], this balancing approach should be
13  'moderately pre-weighted in favor of disclosure.'" Soto, 162 F.R.D. at 613 (quoting Kelly,
14  114 F.R.D. at 661).

15      The party invoking the privilege must at the outset make a "substantial threshold
16  showing" by way of a declaration or affidavit from a responsible official with personal
17  knowledge of the matters attested. Soto, 162 F.R.D. at 613. "The claiming official must
18  'have seen and considered the contents of the documents and himself have formed the
19  view that on grounds of public interest they ought not to be produced' and state with
20  specificity the rationale of the claimed privilege." Kerr, 511 F.2d at 198 (citation omitted).
21  The affidavit must include: (1) an affirmation that the agency generated or collected the
22  material in issue and has maintained its confidentiality; (2) a statement that the official
23  has personally reviewed the material in question; (3) a specific identification of the
24  governmental or privacy interests that would be threatened by disclosure of the material
25  to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully
26  crafted protective order would create a substantial risk of harm to significant
27  governmental or privacy interests, and (5) a projection of how much harm would be done

28

6

1   to the threatened interests if disclosure were made. <u>Soto</u>, 162 F.R.D. at 613. In addition,

2   "[t]he asserting party, as in any case where a privilege is claimed, must sufficiently

3   identify the documents so as to afford the requesting party an opportunity to challenge

4   the assertion of privilege." <u>Miller</u>, 141 F.R.D.at 300.

5          Defendant's attempt to assert the official information privilege is made by way of a

6   boilerplate objection meeting none of these requirements. Accordingly, Defendant will be

7   compelled to provide a further response to Plaintiff's request for production of documents

8   within thirty days. If Defendant wishes therein to assert the official information privilege,

9   she must make a particularized showing that the documents ought not to be produced.

10  Plaintiff will be granted fourteen days from the date of Defendant's response to file a

11  further motion to compel, if necessary.

12         Defendant also complains that the request is not limited to her employment with

13  the California Department of Corrections and Rehabilitation, nor is it is limited to any

14  particular time period. However, relevancy and logic dictate that the request may be so

15  limited. Accordingly, the requirement that Defendant provide a further response is limited

16  to documents related to her employment with the California Department of Corrections

17  and Rehabilitation and to the five year period preceding the incident at issue in this case.

18  **C.     Request for Production No. 3**

19        **Request:**

20        Any and all documents concerning the incident, including but
21        not limited to, reports, forms, investigations, complaints,
          appeals, witness statements, grievances, declarations,
22        videotaped interviews, medical evaluations, medical reports,
          and notes.

23        **Response:**
24
25        Defendant Peterson objects to Request No. 3 on the grounds
          that it is vague, overly broad, burdensome and oppressive,
26        and seeks documents that are neither relevant nor likely to
          lead to the discovery of admissible evidence. To the extent
27        that Plaintiff seeks his own medical, dental, or mental health
          records, Defendant further objects to this request as such

28

7

request seeks documents which are equally available to Plaintiff. When prison records are equally available to the plaintiff, the plaintiff must attempt to obtain them through the proper prison channels. Glass v. Diaz, 1:04-CV-5953-AWI-DLB-P, 2007 WL 2022034, at *4 (E.D. Cal. July 9, 2007). Plaintiff may not use discovery to obtain free copies of documents equally available to him. See Jones v. Lundy, 1:03-cv-05980-AWI-LJO-PC, 2007 WL 214580, at *1 (E.D. Cal. Jan. 25, 2007).

To the extent this request includes personnel files of Defendant Peterson, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, et. seq., including section 1043.

Notwithstanding these objections, and without waiving these objections, Defendant Peterson produces the CDCR Form 602 Inmate/Parolee Appeal Form (including attachments), and Informal, First, Second, and Third Level appeals decisions for appeal number CCI-10-01549, bates stamped as AG-1-11.

**Ruling:**

In her opposition to Plaintiff's motion, Defendant states that she has disclosed all responsive records that are in her possession, custody, or control. (ECF No. 39.) She acknowledges her responsibility to supplement her response should further documents be discovered. Plaintiff's motion states that he is certain other documents concerning the incident exist because he is in possession of some of them.

Defendant has an obligation to produce all responsive documents in her possession, custody, or control, as well as those documents she has a legal right to obtain on demand. Thus, she is required to produce those documents she is able to obtain in the course of her employment. The Court is aware that Defendant likely does

not have the right to obtain all documents maintained by the California Department of Corrections and Rehabilitation, and may have limited, if any, access to investigative or disciplinary records. Nevertheless, the Court must assume that Defendant has as much, if not more, access to CDCR records than Plaintiff. If Plaintiff is in possession of records that Defendant has failed to produce, the Court must conclude that Defendant has failed to produce all documents she has a legal right to obtain on demand. Accordingly, the Court will require Defendant to provide a further response to this request for production within thirty days. If Defendant makes a diligent search of the records available to her in the course of her employment and is able to state in good faith that no further records exist, her supplemental response may so state.

Defendant's remaining objections to this request are overruled. Defendant objects that the request is vague, overly broad, burdensome, oppressive, irrelevant and unlikely to lead to the discovery of admissible evidence. However, the request plainly seeks any and all documents relating to the July 21, 2010 denial of Plaintiff's PLU access. The request is limited in scope and there can be no dispute that such documents are relevant to Plaintiff's claim.

Defendant's objection that some of these documents may be equally available to Plaintiff also is overruled. In light of the limited nature of the request, the Court finds that requiring Defendant to produce any and all documents relating to the events at issue is not unduly burdensome. See Holmes v. Toor, CIV S-04-1308DFLPANP, 2006 WL 1550201, at *2 (E.D. Cal. May 31, 2006) (defendants must produce documents that are in their possession, custody, or control, even when equally available to plaintiff, unless defendants make a showing that doing so is unduly burdensome).

Lastly, Defendant's objection based on privilege is overruled for the reasons stated in relation to Request No. 2, above.

1

### D.    Request for Sanctions

If a motion to compel is granted, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Although the Court has required Defendant to provide a further response to Request No. 2, the Court has limited the nature of that request. Accordingly, the Court finds Defendant's objection substantially justified. Additionally, it is not apparent to the Court that Defendant has access to any further documents responsive to Request No. 3, nor is it apparent that she cannot assert a valid claim of privilege. Accordingly, this objection also is substantially justified.

Based on the foregoing, Plaintiff's request for sanctions will be denied.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED THAT:

1. Plaintiff's motion to compel (ECF No. 36) is GRANTED IN PART AND DENIED IN PART;

2. Defendant's shall provide a further response to Requests for Production Nos. 2 and 3;

3. Plaintiff may, but need not, file a further motion to compel, if needed, within fourteen (14) days of service of Defendant's further response; and

4. Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

Dated:   __April 13, 2015__                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28