UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNELL HILL,<br><br>             Plaintiff,<br><br>   v.<br><br>F. GONZALEZ, et al.,<br><br>             Defendants. | CASE NO. 1:11-cv-01071-LJO-MJS (PC)<br><br>**ORDER GRANTING MOTION TO COMPEL DISCOVERY (ECF No. 40)**<br><br>**ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY SHE SHOULD NOT BE SANCTIONED FOR FAILING TO RESPOND TO DISCOVERY REQUEST**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's First Amendment access to courts claim against Defendant Peterson. (ECF No. 10.)

On August 25, 2014, the Court issued a discovery and scheduling order setting April 25, 2015 as the discovery deadline. (ECF No. 33.) The order provided that responses to written discovery requests were due within forty five days after the request was first served.

Before the Court is Plaintiff's April 6, 2015 motion to compel discovery (ECF No. 40.) Defendant filed no opposition. The matter is deemed submitted. Local Rule 230(*l*).

1     Plaintiff states that he submitted interrogatories to Defendant on January 20,
2  2015, but received no response. Documents attached to Plaintiff's motion support this
3  contention. Plaintiff contends he wrote defense counsel on March 31, 2015, in an
4  attempt to resolve the issue, but again received no response.
5     In light of Defendant's failure to respond to the motion, the Court must conclude
6  that Defendant failed to respond to Plaintiff's interrogatories, in violation of the discovery
7  order and Federal Rule of Civil Procedure 33(b). Plaintiff's motion to compel discovery
8  will be granted. Fed. R. Civ. P. 37(a)(3)(B)(iii).
9     The Federal Rules of Civil Procedure permit sanctions to be imposed where a
10 party fails to answer interrogatories. Fed. R. Civ. P. 37(d)(1)(A)(ii). Such sanctions
11 include (i) directing that the matters embraced in the order or other designated facts be
12 taken as established for purposes of the action, as the prevailing party claims; (ii)
13 prohibiting the disobedient party from supporting or opposing designated claims or
14 defenses, or from introducing designated matters in evidence; (iii) striking pleadings in
15 whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing
16 the action or proceeding in whole or in part; (vi) rendering a default judgment against the
17 disobedient party; or (vii) treating as contempt of court the failure to obey any order
18 except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(d)(3).
19 Additionally, Defendant may be required to pay reasonable expenses caused by her
20 failure to respond. Id. The Court will order Defendant to show cause why she should not
21 be subjected to any such sanctions.
22    Based on the foregoing, it is HEREBY ORDERED THAT:
23       1. Plaintiff's motion to compel (ECF No. 40) is GRANTED;
24       2. Defendant shall respond to Plaintiff's interrogatories within **fourteen (14)**
25          **days** of the date of this order; and

3. Defendant shall, within **fourteen (14) days** of this order, show cause why she should not be sanctioned for failing to respond to Plaintiff's interrogatories.

IT IS SO ORDERED.

Dated:   April 29, 2015              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE